UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMIE D. LONGOLUCCO | : | 3:10cv0938 (WWE) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF NORWICH, LOUIS J. | : | January 12, 2012 |
| FUSARO SR., WARREN L. MOCEK, | : | |
| TIMOTHY MENARD, JAMES DEVENY | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS' SECOND MOTION IN LIMINE**

Defendants have requested an order precluding any evidence regarding a failure to provide plaintiff with reasonable accommodations or failure to abide by his medical restrictions. Additionally, defendants request an order precluding medical records pertaining to plaintiff's physical injuries. Defendants argue that such evidence is irrelevant to plaintiff's third count claim of retaliatory discrimination for plaintiff's exercise of workers' compensation rights pursuant to Connecticut General Statutes §31-290a.

For the following reasons, defendants' second motion in limine will be denied.

### BACKGROUND

At all relevant times, plaintiff Jamie D. Longolucco worked as a police officer for the defendant City of Norwich police department. On April 16, 2005, plaintiff was involved in a car crash and suffered upper back and neck injuries. On April 26, 2006, plaintiff injured his back and knee while attempting to restrain a suicidal individual. Within the time permitted by law, plaintiff filed workers' compensation claims under the Connecticut Workers' Compensation Act ("CWCA").

1

Plaintiff alleges that between April 16, 2005 and December 21, 2007, the date of his firing from the police department, he attempted to exercise some of his rights under the CWCA. Defendant allegedly refused to cooperate with these attempts and concluded that plaintiff did not need certain benefits. Finally, plaintiff alleges that defendant fired or otherwise discriminated against him in retaliation for the fact that plaintiff had exercised his rights under §32-290a.

## **DISCUSSION**

Connecticut General Statute §31-290a provides:

> No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.

Connecticut General Statute §31-313(a)(1) provides:

> Where an employee has suffered a compensable injury which disables him from performing his customary or most recent work, his employer at the time of such injury shall transfer him to full-time work suitable to his physical condition where such work is available, during the time that the employee is subjected to medical treatment or rehabilitation or both and until such treatment is discontinued on the advice of the physician conducting the same or of the therapist in charge of the rehabilitation program or until the employee has reached the maximum level of rehabilitation for such worker in the judgment of the commissioner under all of the circumstances, whichever period is the longest.

Defendants argue that evidence about injuries, medical restrictions and accommodations is irrelevant to a claim brought pursuant to §31-290a. Alternatively, defendants contend that such evidence should be excluded as more prejudicial than probative under Fed. R. Evid. 403.

"To establish a prima facie case of discrimination under §31-290a, the plaintiff must show that she was exercising a right afforded her under the act and that the defendant

2

discriminated against her for exercising that right." Mele v. City of Hartford, 270 Conn. 751, 769 (2004). Defendants cite Mele for the general proposition that "an employee's submission of desired work restrictions to her employer does not, in and of itself, constitute the exercise of a right afforded her under the act." Id. at 773-74. However, in Mele, the plaintiff failed to invoke the provisions of §31-313 because her requests for accommodation were not associated with the CWCA. There, the plaintiff was not receiving workers compensation benefits and the defendants had no knowledge of any workers' compensation claims or any physician-ordered work restrictions. Id. at 764. The Mele court held that the CWCA "is not a general "reasonable accommodations" piece of legislation. It does not afford an employee the general right to be afforded reasonable accommodations for her physical disabilities." Id. at 772. This is especially true where the CWCA is not in play because the plaintiff has not suffered a compensable injury or exercised the rights afforded under the Act.

The present case is distinguishable from Mele because, here, plaintiff filed workers' compensation claims and received compensation. The defendants were clearly on notice that plaintiff had suffered a compensable injury and that the CWCA was applicable. Indeed, the City of Norwich filed the First Reports of Injury on plaintiff's behalf. While the Mele court decision stands for the proposition that mere requests for accommodation do not trigger the CWCA, it does not indicate that evidence of injuries, medical restrictions and accommodations is irrelevant to claims of discrimination when the CWCA has been effectuated. In Mele, the court recognized that "the plaintiff must show a causal connection between exercising her rights under the act and the alleged discrimination she suffered. Implicit in this requirement is a showing that the defendant knew or was otherwise aware that the plaintiff had exercised her rights under the act."

3

Id. at 776.

In this case, plaintiff seeks to introduce documentation of his requests for accommodations and the defendants' alleged failure to abide by his medical restrictions. Such evidence is relevant to plaintiff's prima facie case of discrimination. Plaintiff has the burden of presenting sufficient evidence to find: (1) that plaintiff engaged in protected activity; (2) that defendant employer was aware of this activity; (3) that defendant employer took adverse action against plaintiff; and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action. Id. at 776. The evidence that defendants seek to preclude is relevant to the first, second and fourth elements. In addition, defendants' failure to provide plaintiff with reasonable accommodations or failure to abide by his medical restrictions is relevant to plaintiff's ultimate burden of persuading the factfinder that he was a victim of retaliatory discrimination, i.e., that the employer's motive was discriminatory. See Ford v. Blue Cross & Blue Shield of Connecticut, 216 Conn. 40, 53-54 (1990).

## **CONCLUSION**

Fore the above stated reasons, defendants' second motion in limine is DENIED.

Dated this 12th day of January, 2012 at Bridgeport, Connecticut.


_____/s/_____
WARREN W. EGINTON
UNITED STATES DISTRICT JUDGE